UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L.M., a minor by and through his father and stepmother and natural guardians, Christopher and Susan Morrison,<br><br>  *Plaintiff*,<br><br>v.<br><br>  TOWN OF MIDDLEBOROUGH; MIDDLEBOROUGH SCHOOL COMMITTEE; CAROLYN J. LYONS, Superintendent of the Middleborough Public Schools, in her official capacity; and HEATHER TUCKER, acting Principal of Nichols Middle School, in her official capacity,<br><br>  *Defendant*. | Civil Action No. 1:23-cv-11111-IT |

**DEFENDANTS TOWN OF MIDDLEBOROUGH, MIDDLEBOROUGH SCHOOL COMMITTEE, CAROLYN J. LYONS, AND HEATHER TUCKER'S JOINT MOTION TO CONTINUE PRELIMINARY INJUNCTION DEADLINES**

  Defendants Middleborough School Committee (the "School Committee"), Carolyn J. Lyons, and Heather Tucker (collectively, "School Defendants") jointly with Defendant Town of Middleborough ("Town" or, together with School Defendants, "Defendants") respectfully move for a two-week extension of the currently-scheduled May 26, 2023 deadline to file a response to and continuance of the May 31, 2023 hearing on Plaintiffs L.M. and his parents' ("Plaintiffs") motion for preliminary injunction. The School Defendants' counsel reached out to Plaintiffs' counsel to obtain their assent to this motion, but they declined, stating that the School Defendants were aware that litigation was likely in this matter since approximately April 27, 2023; the School Defendants' counsel sent a response to that letter; and the end of the school year is approaching.

1

As grounds for this motion, Defendants state as follows:

1.  Plaintiffs filed their Verified Complaint on Wednesday, May 17, 2023. On May 18, 2023, Plaintiffs filed their motion for preliminary injunction, and, on May 19, 2023, the Court set a deadline of May 26, 2023 for the Defendants to file a response to the same, and set a hearing date of May 31, 2023.

2.  The undersigned require more time in which to resolve issues regarding its representation and to research and prepare an appropriate written opposition to Plaintiffs' motion and to prepare for a hearing thereon. In this regard:

    a.  Plaintiffs' filings in this matter are voluminous, including a 26-page, 159-paragraph Verified Complaint, with some 102 pages of attached exhibits, and a 22-page memorandum of law in support of his motion, which cites over 25 decisions, most all dealing with complex, constitutional law-based subjects. Defendants' counsel requires the additional time sought to review, analyze, and investigate the factual allegations and legal contentions in Plaintiff's papers and to research, prepare, and file an appropriate, comprehensive response thereto—not to mention to prepare for a hearing on these issues.

    b.  Neither the Town nor the School Committee has been able to meet since the filing of the Complaint in this matter—due to the constraints of the open meeting laws—to review the Complaint and determine their respective positions. In this regard, the Town's Board of Selectmen will hold an executive session on Tuesday, May 23, and the School Committee will hold an executive session on Thursday, May 25, to discuss the Complaint and next steps. The School Committee is unable to hold an earlier meeting due to the three-day notice requirement of the open meetings laws and the inability to have a quorum earlier in the week. After the School

Committee has had the opportunity to meet, it then must meet with the Town's Board of Selectmen, in accordance with the open meetings laws.

        c.      Although the undersigned counsel for the School Defendants responded to a letter from Plaintiffs' counsel on May 4, 2021, it did not have notice of the lawsuit until two weeks later, May 17, and did not receive the Motion for Preliminary Injunction until the next day.  The suggestion that the School Committee should have expended its resources before being served with the Complaint is unreasonable, particularly when it received no response to its letter.

        d.      Finally, as Plaintiffs' papers highlight, he has known of the School Defendants' policy regarding his demeaning speech, and, as news articles and media organizations reported, Plaintiffs have anticipated filing a lawsuit against Defendants for nearly two full months. Having sat on his rights for two months—filing his complaint at what he knows to be one of the busiest times for public school organizations—Plaintiffs cannot now credibly claim the existence of some time-sensitive, emergency situation that a two-week continuance would harm. Not only did Plaintiffs wait almost two months to file their complaint, they purposefully filed it on the International Day Against Homophobia, Biphobia, and Transphobia, just before the start of LGBTQ+ Pride Month, so that this case—including the underlying message that trans and gender-nonconforming people are not valid—is front and center during a month meant to be about supporting LGBTQ+ people, uplifting LGBTQ+ individuals, and celebrating LGBTQ+ culture.

    3.      Under all these circumstances, Defendants respectfully assert that a two-week continuance is necessary and reasonable, will not prejudice any party, and is in the interests of justice and fair play.

4. This is Defendants' first request for a continuance of the preliminary injunction hearing date, and Defendants do not anticipate needing any further continuance.

WHEREFORE, Defendants respectfully request that this Honorable Court extend the deadline for Defendants to file their response to and continue the hearing on Plaintiff's motion for preliminary injunction by two weeks, to a specific date and time convenient to the Court.

Respectfully submitted,

| | |
|---|---|
| MIDDLEBOROUGH SCHOOL COMMITTEE, CAROLYN J. LYONS, and HEATHER TUCKER, | TOWN OF MIDDLEBOROUGH |
| By their attorneys, | By its attorneys, |
| */s/ Kay H. Hodge* | */s/Deborah I. Ecker* |
| Kay H. Hodge (BBO# 236560)<br>    khodge@scmllp.com<br>John M. Simon (BBO# 645557)<br>    jsimon@scmllp.com<br>Garrett A.D. Gee (BBO# 708219)<br>    ggee@scmllp.com<br>Stoneman, Chandler & Miller LLP<br>99 High Street<br>Boston, MA 02110<br>(617) 635-9250 | Deborah I. Ecker (BBO# 554623)<br>    decker@k-plaw.com<br>Kopelman and Paige, P.C.<br>101 Arch Street<br>Boston, MA 02110<br>(617) 556-0007 |

Dated: May 23, 2023

<u>Certification Pursuant to Local Rule 7.1(A)(2)</u>

      I hereby certify that, pursuant to Local Rule 7.1(A)(2), counsel for the Middleborough School Committee, Carolyn J. Lyons, and Heather Tucker conferred with Plaintiff's counsel via telephone, and counsel for the Town of Middleborough via telephone and electronic mail, on May 22 and 23, regarding the subject matter of this motion in a reasonable and good faith attempt to resolve and/or narrow the issues addressed herein.

                                        */s/ Garrett A.D. Gee*
                                        Garrett A.D. Gee

<u>Certificate of Service</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

                                        */s/ Garrett A.D. Gee*
                                        Garrett A.D. Gee