UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **L.M.,** a minor by and through his father and stepmother, Christopher and Susan Morrison,<br><br>*Plaintiff,*<br><br>v.<br><br>**TOWN OF MIDDLEBOROUGH,** et al.,<br><br>*Defendants.* | CASE No.: 23-cv-11111-IT |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO CONTINUE PRELIMINARY INJUNCTION DEADLINES**

Plaintiff L.M., by and through his counsel, files this response in opposition to Defendants' Joint Motion to Continue Preliminary Injunction Deadlines, and states as follows:

1. Defendants assert three reasons in support of their request for a two-week extension of the preliminary injunction deadlines. Many of the factual allegations underlying their requests are simply not true. Additionally, contrary to Defendants' assertions, a two-week extension would harm Plaintiff by continuing Defendants' unconstitutional deprivation of Plaintiff's First Amendment rights.

2. First, Plaintiff has not sat on his rights for two months. Rather, Plaintiff consistently asserted his rights and diligently tried to work with Defendants to get them to change their unconstitutional policy. As soon as it became clear that Defendants would not change the policy, Plaintiff filed this action.

3. The relevant timeline of events, as set forth in more detail in the Complaint, is as follows:

1

      a.    **March 21** – Plaintiff wore the shirt to school for the first time. Defendants told Plaintiff he was not allowed to wear the shirt at school.

      b.    **April 1** – Plaintiff's father emailed Defendant Lyons to inquire why Plaintiff was not allowed to wear the shirt.

      c.    **April 4** - Defendant Lyons responded with an email reiterating the School's policy that Plaintiff could not wear the shirt.

      d.    **April 13** – Plaintiff spoke during the public comment period of the School Committee meeting. He informed the Defendant Committee that he was not being allowed to wear the shirt to school.

      e.    **April 27** – Plaintiff's attorney sent a letter to Defendant Lyons stating that the School was violating Plaintiff's rights. The letter further informed her that Plaintiff intended to wear the shirt to school on May 5 and asked that she confirm he would be allowed to do so.

      f.    **May 4** – Defendants' counsel responded with a letter defending Defendants' actions and stating that Defendants would not allow Plaintiff to wear the shirt.

      g.    **May 5** – In protest, Plaintiff wore a shirt that said "There are censored genders." Defendants told Plaintiff he would not be allowed to wear the shirt. Plaintiff complied with Defendants' demand.

      h.    **May 17** – Plaintiff filed this action.

4.    Plaintiff first spoke with an attorney in late April, just a few days before the April 27 letter.

5.    Plaintiff's desire was to work this out amicably with the School, rather than through litigation. Unfortunately, Defendants continued to defend their unconstitutional actions.

6.    As soon as it became clear that Defendants would not voluntarily modify their policy, Plaintiff took immediate steps to file this action.

7. Second, Defendants argue that a delay is necessary because Plaintiff's filings are voluminous and they require time to research and respond.

8. This argument is meritless. The facts are simple. Defendants refuse to allow Plaintiff to wear a shirt because of its message. This is not a complicated factual situation.

9. Further, Defendants have first-hand knowledge of all the facts in the Complaint. They do not require any time to research the basis of the claims. All of the Defendants have been aware of Plaintiff's complaints about the policy since at least April 13. Defendants Lyons and Tucker were aware two weeks earlier.

10. Defendants assert that their legal counsel requires time to research the law governing the complex legal questions involved. Again, this allegation is belied by the facts.

11. On April 27, Plaintiff's counsel sent a four page letter to Defendant Lyons citing nine separate court decisions and a detailed analysis of Plaintiff's legal claims. The arguments and cases cited in the letter form much of the basis for the claims of this action and the preliminary injunction motion.

12. On May 4, Defendants' counsel responded with an emphatic denial of Plaintiff's request. Defendants counsel did not request more time to research the "complex, constitutional law-based subjects." Instead, the response conveys an intimate familiarity with the law and confidence in the soundness of Defendants' legal position: "While your letter contains a number of legal conclusions and interpretation of cases with which we strongly disagree, no purpose would be served by debating those cases or legal conclusions at this time."

13. The letter concludes: "It is in this legal context that MPS has, and will continue to, prohibit the wearing of a t-shirt by [Plaintiff.]"

14. Third, Defendants assert that neither the Town nor the School Committee has been able to meet since the filing of the Complaint. This is not true.

15. The lawsuit was filed on May 17. The School Committee held a regularly scheduled meeting on May 18. During that meeting, two school committee members voted to go into executive session to discuss the lawsuit, but were overruled by the Chair purportedly because the topic had not been posted. Middleborough Public Schools: School Committee Meeting - May 18, 2023, https://www.youtube.com/watch?v=l6Bh55yjbM8&t=2067s (last visited 5/23/23)

16. Thus, while the School Committee may not have debated the issue, they had the opportunity to do so.

17. Finally, Plaintiff denies Defendants' spurious assertion that he purposefully delayed filing this action so that he could file it on a particular day as some sort of a political statement. Neither Plaintiff nor his counsel were even aware of the day cited by Defendants. Plaintiff has diligently and expeditiously asserted his rights every step of the way and will continue to do so.

18. Plaintiff suffers irreparable injury every day that Defendants refuse to allow him to peacefully express his message through wearing his t-shirt. The relief Plaintiff seeks is simple: an order allowing him to wear his t-shirt to school.

19. If Defendants consent to allow Plaintiff to wear his shirt to school during the two-week delay, then Plaintiff would consent to the requested extension. If they will not, then Plaintiff cannot consent because the extension would result in further perpetuating his irreparable injury.

20. As it stands, Defendants have denied his repeated requests to peacefully exercise his rights. Accordingly, Plaintiff respectfully opposes this additional delay.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' request for a two-week extension of the preliminary injunction deadlines.

Respectfully submitted this 24th day of May, 2023.

*s/ Tyson C. Langhofer*
Tyson C. Langhofer*
VA Bar No. 95204
P. Logan Spena*
VA Bar No. 98407
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
tlanghofer@ADFlegal.org
lspena@ADFlegal.org

David A. Cortman*
GA Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Facsimile: (700) 339-6744
dcortman@ADFlegal.org

Andrew Beckwith
MA Bar No. 657747
MASSACHUSETTS FAMILY INSTITUTE
401 Edgewater Place, Suite 580
Wakefield, MA 01880
Telephone:  (781) 569-0400
andrew@mafamily.org

*Attorneys for Plaintiff*
**Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

Dated: May 24, 2023                                          *s/ Tyson C. Langhofer*
                                                             Tyson C. Langhofer
                                                             *Attorney for Plaintiff*