UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **L.M,** a minor by and through his parents and natural guardians, Christopher and Susan Morrison, <br><br> *Plaintiff,* <br><br> v. <br><br> **TOWN OF MIDDLEBOROUGH,** et al., <br><br> *Defendants.* | **CASE NO.: 23-cv-11111** <br><br> **Honorable Judge Indira Talwani** |

## DECLARATION OF L.M.

I, L.M. pursuant to 28 U.S.C. § 1746, declare as follows:

1. I make this declaration of my own personal knowledge, and, if called as a witness, I could and would testify competently to the matters stated herein.

2. I sign this declaration as a seventh-grade student currently enrolled at Nichols Middle School.

3. I have attended school in the District since Kindergarten and am on the Honor Roll.

4. I have observed Defendants and other school officials expressing messages about human identity, sex, and gender.

5. In particular, Defendants and other school officials promote ideas about human identity, sex, and gender commonly associated with "LGBTQ Pride." This includes the idea that a person's identity, not their biology, determines whether they are male, female, or a potentially infinite range of other genders. Defendants encourage other students to express views on gender consistent with this view.

1

6. I believe that there are only two sexes, male and female, and equate the word "gender" with "sex."

7. In my experience, there is pressure to either repeat the view that Defendants express and encourage students to express or just stay quiet.

8. I believe that it is wrong to hate other people. I do my best not to hate anyone, and I do not believe that my view about sex and gender is inherently hateful.

9. I also have heard the claim that expressing the view that there are only two genders amounts to "denying the existence" of students who identify as transgender. But when I express my view, I am not denying the existence of anyone else. Disagreeing with the way someone would describe their existence is not the same as denying their existence.

10. Defendants' expression about gender and the expression they encourage other students to engage in about gender also conveys the idea that my view is false. I do not believe that Defendants or my classmates are denying my existence simply by disputing my account of reality, including my account of my own identity.

11. I do perceive that my view is commonly mischaracterized as hateful. This is upsetting to me because it is not true.

12. In addition, Defendants' view is commonly mischaracterized as the only "loving" or "inclusive" or "accepting" view.

13. One reason I wanted to publicly express my view at school was to stand up against the pressure that I perceive on people that share my view, and to counter the false idea that my view is necessarily hateful.

14. On March 21, 2023, acting on my desire to express my beliefs to my classmates, I decided to wear a shirt with the message "There are only two genders."

15. While I was participating in gym, which was the first class of the day, Defendant Tucker removed me from class. Defendant Tucker told me that I could not wear the shirt because she had heard some complaints. She told me I could either remove the shirt or if I had questions we could discuss it further in another room.

16. I indicated that I would like to discuss the situation further. Defendant Tucker then escorted me to another room. The school counselor then joined the conversation. I asked why I could not wear the shirt. Defendant Tucker said some students complained. I had not observed any students complain or appear to be upset.

17. I have not witnessed any disruption of school classes or activities resulting from the t-shirt on I wore on March 21, 2023, on that day or any other time.

18. Defendant Tucker made it clear that I must remove the shirt or I could not return to class. I politely explained that I could not remove the shirt in good conscience. Defendant Tucker then called my father and explained that I could not return to class if I did not remove the shirt. My father picked me up from school and I was forced to miss classes the rest of the day.

19. On May 5, after finding out that I would not be allowed to express my view about gender with my "There are only two genders" shirt, I decided I wanted to speak up about the fact that my view about gender is being censored while other views about gender are allowed to be expressed.

20. To communicate my objection, I wore a shirt that said, "There are censored genders." As soon as I arrived at my first class, a school official instructed me to go to Defendant Tucker's office. On the way to the office, I removed the shirt because it was my understanding that I had been removed because of the shirt and that I would be prohibited from wearing the shirt.

21. When I arrived at her office, Defendant Tucker asked me if she could trust me not to put the shirt back on with the message "There are censored genders." I agreed not to put the shirt back on. I complied with Defendant Tucker's order to remove the shirt because I did not want to miss another day of school. I was forced to wear another shirt for the remainder of the day.

22. I did not witness any student become upset with the shirt I wore on May 5, 2023. I have not witnessed any disruption to school classes or activities resulting from my t-shirt, on May 5 or at any other time.

23. I have become aware that some other students have worn shirts similar to the one that I wore on March 21, 2023. I have not spoken with them about their reasons for doing so. On the days that they wore the shirts, I witnessed no disruption to any school classes or activities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 6/6/23                                             *L.M.* (signed)

                                                                          L.M.

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I electronically filed the foregoing using the CM/ECF system, which automatically sends an electronic notification with this filing to the following attorneys of record:

Deborah I. Ecker
Gregg J. Corbo
KP Law, P.C.
101 Arch Street
Boston, MA 02110
617-654-1714
617-556-0007
Fax: 617-654-1735
decker@k-plaw.com
gcorbo@k-plaw.com

Garrett A.D. Gee
John M. Simon
Kay H. Hodge
Stoneham, Chandler & Miller LLP
99 High Street
Boston, MA 02110
740-644-9406
617-542-6789
Fax: 617-556-8989
ggee@scmllp.com
jsimon@scmllp.com
KHodge@scmllp.com

Dated: June 6, 2023                               *s/ P. Logan Spena*

                                                                      P. Logan Spena

                                                                        *Attorney for Plaintiff*