UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:23-cv-11111-IT

| | |
|---|---|
| LM, a minor by and through his father and stepmother and natural guardians, Christopher and Susan Morrison,<br><br>  Plaintiff<br><br>v.<br><br>TOWN OF MIDDLEBOROUGH; MIDDLEBOROUGH SCHOOL COMMITTEE; CAROYLN J. LYONS, Superintendent of the Middleborough Public Schools, in her capacity; and HEATHER TUCKER, acting Principal of Nicholas Middle School, in her official capacity,<br><br>  Defendants | DEFENDANTS' ANSWER TO PLAINTIFF'S <u>VERIFIED COMPLAINT</u> |

Defendants, Town of Middleborough, Middleborough School Committee, Carolyn J. Lyons, Superintendent of the Middleborough Public Schools in her official capacity, and Heather Tucker, Interim Principal of John T. Nicholas Middle School ("NMS") in her official capacity (collectively "Defendants"), answer Plaintiff LM's, a minor by and through his father and stepmother and natural guardians, Christopher and Susan Morrison's ("Plaintiff" or "LM") Complainant paragraph by paragraph as follows:

**INTRODUCTION**

1. Paragraph 1 contains an introductory statement to which no response is required. To the extent that a response is required, the statement is denied.

2. Paragraph 2 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

3. Paragraph 3 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

4. Paragraph 4 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

5. Paragraph 5 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

6. Paragraph 6 contains an introductory statement to which no response is required.  To the extent a response is required, the statement is denied.

7. Paragraph 7 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

8. Paragraph 8 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

9. Paragraph 9 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

10. Paragraph 10 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

11. Paragraph 11 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

12. Paragraph 12 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

13. Paragraph 13 contains an introductory statement to which no response is required. To the extent a response is required, the statement is denied.

## JURISDICTION AND VENUE

14. Paragraph 14 contains Plaintiff's legal claims to which no response is required.

15. Paragraph 15 contains conclusions of law to which no response is required.

16. Paragraph 16 contains conclusions of law to which no response is required.

17. Paragraph 17 contains conclusions of law to which no response is required.

## PLAINTIFF

18. Admitted that Plaintiff was a seventh-grade student at the time that the Complaint was filed.

19. Defendants admit the allegations contained in the first sentence and third sentence of paragraph 19. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, which allegations are therefore denied.

## DEFENDANTS

20. Paragraph 20 contains conclusions of law to which no response is required.

21. Paragraph 21 contains conclusions of law to which no response is required.

22. Paragraph 22 contains conclusions of law to which no response is required.

23. Defendants admit that the School Committee has the power to establish educational goals and policies for the schools in the district consistent with requirements of law and statewide goals and standards established by the Department of Elementary and Secondary Education (DESE). Defendants deny the remaining allegations contained in paragraph 23.

24. Defendants admit that the School Committee has the power to select and to terminate the Superintendent. Defendants deny the remaining allegations contained in paragraph 24.

In further answering Defendants state that the document referenced in paragraph 24 and attached to the Complaint as Exhibit A is a document that speaks for itself and is its own best evidence of its content and import and therefore deny the remaining allegations.

25. The document referenced in paragraph 25 and attached to the Complaint as Exhibit B is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. Admitted.

37. Defendants admit that as Principal, Defendant Tucker is responsible for the enforcement of the policies applicable to students in the NMS.  Defendants deny the remaining allegations contained in paragraph 37.

38. Denied.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

### FACTUAL ALLEGATIONS

43. Admitted.

44. The allegations contained in paragraph 44 contain conclusions of law to which no response is required. Defendants admit that one or more of the Defendants are responsible for one or more aspects of the direction and control of NMS pursuant to the applicable laws. Defendants deny the remaining allegations contained in paragraph 44.

45. Denied.

46. The document referenced in paragraph 46 and attached as Exhibit C to the Complaint speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations contained in paragraph 46.

47. The document referenced in paragraph 47 and attached as Exhibit C to the Complaint speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations contained in paragraph 47.

48. The document referenced in paragraph 48 and attached as Exhibit C to the Complaint speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

49. The document referenced in paragraph 49 is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

50. The document referenced in paragraph 50 and attached to the Complaint is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

51. The document referenced in paragraph 51 and attached to the Complaint is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

52. The document referenced in paragraph 52 and attached to the Complaint is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

53. The document referenced in paragraph 53 and attached to the Complaint is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

54. Denied.

55. Admitted that Plaintiff was a twelve-year-old student enrolled in seventh grade at the time the Complaint was filed.

56. Admitted.

57. Admitted.

58. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 which are therefore denied.

59. Defendants state that the phrase "embrace and express the idea" lacks a clear meaning, and therefore deny the allegations contained in paragraph 59.  Further answering, the Defendants state that their policies and actions are in accord with law, including DESE's regulations and guidance, and encourage respect for the human and civil rights of all

individuals regardless of their protected status, including sexual orientation and gender identity. Defendants have taken steps to create a culture in which all students, including transgender and gender nonconforming students feel safe and supported to meet its obligation to provide equal educational opportunities to all students. The actions and speech of the individual Defendants have been consistent with the School Committee's policies and requirements. Defendants deny the remaining allegations contained in paragraph 59.

60. Defendants state that the phrase "embrace and express the idea" lacks a clear meaning, and therefore deny the allegations contained in paragraph 60. Further answering, the Defendants state that their policies and actions are in accord with law, including DESE's regulations and guidance, and encourage respect for the human and civil rights of all individuals regardless of their protected status, including sexual orientation and gender identity. Defendants have taken steps to create a culture in which all students, including transgender and gender nonconforming students feel safe and supported to meet its obligation to provide equal educational opportunities to all students. The actions and speech of the individual Defendants have been consistent with the School Committee's policies and requirements. Defendants deny the remaining allegations contained in paragraph 60.

61. Defendants state that the phrase "embrace and express the idea" lacks a clear meaning, and therefore deny the allegations contained in paragraph 61. Further answering, the Defendants state that their policies and actions are in accord with law, including DESE's regulations and guidance, and encourage respect for the human and civil rights of all individuals regardless of their protected status, including sexual orientation and gender

identity. Defendants have taken steps to create a culture in which all students, including transgender and gender nonconforming students feel safe and supported to meet its obligation to provide equal educational opportunities to all students. The actions and speech of the individual Defendants have been consistent with the School Committee's policies and requirements. Defendants deny the remaining allegations contained in paragraph 61

62. The School Committee Defendant admits that its speech, curricula and extracurricular activities comply with the law and encourage respect for the human and civil rights of all individuals regardless of their protected status, including sexual orientation and gender identity and have taken steps to create a culture in which all students, including transgender and gender nonconforming students feel safe and supported to meet the obligation of the Middleborough School Committee ("School Committee") to provide equal educational opportunities to all students. Defendants deny the remaining allegations contained in paragraph 62.

63. Defendants admit that it celebrates June as Pride Month and that there is a Pride Spirit Week. In further answering Defendants state that the document referenced in paragraph 63 and attached as Exhibit D to the Complaint is a document that speaks for itself and is its own best evidence of its content and import and therefore deny the remaining allegations contained in paragraph 63.

64. The document in paragraph 64 is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

65. Defendants admit that throughout the year, students are encouraged to provide support for students who are part of the LGBTQ+ community and to ensure that their statements

and actions are consistent with the law and School Committee policies and procedures. Defendants deny the remaining allegations contained in paragraph 65.

66. The document referenced in paragraph 66 is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

67. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67, specifically what Plaintiff and unidentified "many people" believe which allegations are therefore denied.

68. The document referenced in paragraph 68 and attached as Exhibit C to the Complaint is a document that speaks for itself and is its own best evidence of its contents and import and Defendants therefore deny the allegations.

69. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 69, which allegations are therefore denied.

70. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and therefore deny the allegations.

71. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 71, which allegations are therefore denied.

72. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 72, which allegations are therefore denied.

73. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 73, which allegations are therefore denied.

74. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 74, which allegations are therefore denied.

75. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 75, which allegations are therefore denied.

76. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 76 is denied.

77. Admitted.

78. Denied.

79. Admitted.

80. In compliance with the law and DESE requirements, Defendants admit that messages were displayed that support the inclusion of all students, including LGBTQ+ students. Further answering, Defendants state that the photographs speak for themselves and are their own best evidence of their content and import and therefore deny the allegations.

81. The photographs referenced in paragraph 81 speak for themselves and are their own best evidence of their content and import and Defendants therefore deny the allegations.

82. Denied.

83. Defendants admit that on March 21, 2023, Principal Tucker asked Plaintiff to come speak with her. Plaintiff asked Principal Tucker if he was in trouble to which she responded, no. Plaintiff asked Principal Tucker if it was about his t-shirt, to which she responded yes. Principal Tucker offered Plaintiff the opportunity to change the shirt and return to PE before they left the gymnasium, but Plaintiff did not want to do that. Defendants deny the remaining allegations contained in paragraph 83.

84. In the conversation referenced in paragraph 84, Defendants admit that Defendant Tucker gave Plaintiff the opportunity to either remove the t-shirt or to discuss further in another room. Defendants deny the remaining allegations contained in paragraph 84.

85. Admitted.

86. Admitted.

87. Denied.

88. Admitted.

89. Denied.

90. Admitted.

91. Defendants admit that Plaintiff's father picked him up and dismissed him from school. Defendants deny the remaining allegations contained in paragraph 91.

92. Denied.

93. Denied.

94. Denied.

95. The document referred in paragraph 95 and attached as Exhibit E to the Complaint is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

96. The email referenced in paragraph 95 and attached as Exhibit E to the Complaint is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

97. Defendants admit that Plaintiff attended the School Committee meeting on April 13, 2023 and spoke during the public comment period. The School Committee meeting is recorded. The recording speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

98. The letter referenced in paragraph 98 and attached to the Complaint as Exhibit F is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

99. The letter referenced in paragraph 99 and attached to the Complaint as Exhibit F is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

100. The letter referenced in paragraph 100 and attached as Exhibit G to the Complaint is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore, deny the allegations.

101. Denied.

102. The letter referenced in paragraph 102 is a document that speaks for itself and is its own best evidence of its content and import and Defendants therefore deny the allegations.

103. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 103 which allegations are therefore denied.

104. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 104 which allegations are therefore denied.  in addition, the photograph in paragraph speaks for itself.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Defendants admit that on May 5, 2023 after Plaintiff removed the t-shirt, he wore a different t-shirt for the remainder of the day. Defendants deny the remaining allegations contained in paragraph 109.

110. Denied.

111. Denied.

112. Denied.

113. Defendants are without information or knowledge sufficient to form a belief as to Plaintiff's motivations and desires and therefore deny the allegations contained in paragraph 113.

114. Denied.

115. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 115, which allegations are denied.

116. Denied.

117. Denied.

118. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 118, which allegations are denied.

119. Denied.

## **LEGAL ALLEGATIONS**

120. The allegations contained in paragraph 120 contain conclusions of law to which no response is required.

121. The allegations contained in paragraph 121 contain conclusions of law to which no response is required.

122. Denied.

123. Denied.

124. Denied.

**FIRST CAUSE OF ACTION**
**First Amendment: Freedom of Speech**
**(42 U.S.C. § 1983)**

125. Defendants repeat and reassert their responses to the allegations contained in paragraphs 1-124 as if fully incorporated herein.

126. The allegations contained in paragraph 126 contain conclusions of law to which no response is required.

127. The allegations contained in paragraph 127 contain conclusions of law to which no response is required.

128. Denied.

129. Denied.

130. Defendants admit that the message on Plaintiff's t-shirt was not school sponsored. Defendants deny the remaining allegations contained in paragraph 130.

131. Denied.

132. The allegations contained in paragraph 132 contain conclusions of law to which no response is required.

133. The allegations contained in paragraph 133 contain conclusions of law to which no response is required.

134. The allegations contained in paragraph 134 contain conclusions of law to which no response is required.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Defendants admit that students are allowed to wear clothing and apparel containing messages that comply with the Dress Code. Defendants deny the remaining allegations contained in paragraph 139.

140. Denied.

141. The allegations contained in paragraph 141 contain conclusions of law to which no response is required.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. The allegations contained in paragraph 150 contain conclusions of law to which no response is required.  In further answering, Defendants state that Plaintiff did not engage in speech protected by the First Amendment of the United States Constitution while Plaintiff was at school when he wore the t-shirts with the message "there are only two genders" and "there are censored genders."

151. Denied.

**SECOND CAUSE OF ACTION**
**Fourteenth Amendment: Due Process**
**(42 U.S.C. § 1983)**

152. Defendants repeat and reassert their responses to the allegations contained in paragraphs 1-151 as if fully incorporated herein.

153. The allegations contained in paragraph 153 contain conclusions of law to which no response is required.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed, and that judgment enter for Defendants on all of Plaintiff's claims and that Defendants be awarded their attorneys' fees and costs and any other relief the Court deems fair and just.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted on Plaintiff's claim for the violation of his rights under the First Amendment of the United States Constitution.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted on Plaintiff's claim for the violation of his rights under the Due Process Clause of the United States Constitution.

3. At all relevant times, Defendants acted in good faith and in compliance with their statutory obligations with the reasonable belief that their actions were lawful.

4. Defendants' actions with respect to the events complained of in the Complaint were at all times in compliance with the law and their legal obligations.

5. Defendants are entitled to qualified immunity.

## JURY DEMAND

Defendants demand a trial by jury on all claims so triable.

TOWN OF MIDDLEBOROUGH; TOWN OF MIDDLEBOROUGH SCHOOL COMMITTEE; CAROLYN J. LYONS, SUPERINTENDENT OF THE MIDDLEBOROUGH PUBLIC SCHOOLS, in her capacity; and HEATHER TUCKER, ACTING PRINCIPAL OF NICOLAS MIDDLE SCHOOL, in her official capacity,

By its attorneys,

*/s/ Deborah J Ecker*
Gregg J. Corbo (BBO# 641459)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
gcorbo@k-plaw.com
decker@k-plaw.com

Date:  June 30, 2023

869904/60700/1195

**CERTIFICATE OF SERVICE**

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  June 30, 2023

                                                Deborah I. Ecker, Esq.